## OHIO SUPREME COURT—Continued

### No. 805
### INTERSTATE COTTON PICKERS v. STEWART

No. 19298.  Supreme Court

On motion to certify.  Dock. July 30, 1925; 3 Abs. 482.

297.  CONTRACTS—May evidence be introduced to show the surrounding circumstances at the time of the making of a written contract, so as to show the situation of the parties at the time, its subject matter and the purpose of its execution?

Frank Stewart brought an action in the Lucas Common Pleas against the Interstate Cotton Pickers on a contract by which he agreed to sell certain shares of stock, his compensation being conditioned entirely upon his being successful in the sale of the shares.  Stewart admitted non-performance in his petition, but excused it by alleging that the officers of the Cotton Pickers, after he was employed, sold shares at less than the price at which he agreed to sell them, and by so doing made impossible the performance of his contract.

The case was submitted to a jury which returned a verdict in favor of Stewart in the full amount asked for.  The Court of Appeals affirmed this judgment.  A motion to certify the record was filed in the Supreme Court by the Cotton Pickers.

It is undisputed that on Dec. 27, 1922, there were 320 shares sold to the trustees of the plaintiff-in-error of the 447 shares of so called pool certificates to pay debts of said plaintiff. The transfer of these shares after the contract was made with Stewart, it is claimed, is the only ground for the claim that there were sales after making the contract.  If Stewart knew of the previous sales on Dec. 27, 1922, and contracted to sell the shares which were left, he could not be heard to complain that the transfer of the certificates previously sold of which he had knowledge excused him from non-performance.

It is contended that testimony, if admitted, would have shown that Stewart knew of the sale of the 320 shares on Dec. 27, 1922.  If he knew of the sales which were made before he entered into the contract (Jan. 8, 1923) he certainly could not take advantage of the transfer of such shares after the date of the contract as an excuse for non-performance.

It is urged that by the action of the trial court in refusing to admit testimony, the Cotton Pickers were deprived of the opportunity of showing what the subject matter of the contract was, i. e., the shares of stock remaining after Dec. 27, 1922, and the surrounding circumstances at the time it was executed, i. e., knowledge of Stewart of the previous sales. The action of the trial court in rejecting this testimony, it is averred, is contrary to the established law of this state.

"Parol evidence is not admissible to enlarge or limit the terms of the instrument, but evidence of the surrounding circumstances is competent, in order to arrive at the intention of the parties, as declared by the words employed, and, as in construing all contracts, the words employed by the parties will be construed in the light of these circumstances." Bank v. Laidlow, 86 OS. 91.

The contract contained this provision: "This agreement in all its terms is conditioned upon said Stewart being successful in securing the sale of said shares for cash or upon terms satisfactory to said trustees." It is contended that "in all its terms" include the term of the contract in which the compensation of Stewart is alleged to be paid.  It was alleged by Stewart that after Jan. 8, 1923, the officers of the Cotton Pickers sold a large amount of the certificates for $25 per share.  It is claimed that upon trial Stewart offered no testimony whatever of a single share being sold by the officers of plaintiff-in-error after the date of the agreement; and no proof that the transfer of the shares prevented any sale by him.

Attorneys—Fritsche, Krause & Winchester for Cotton Pickers; Mulholland & Hartmann for Stewart; all of Toledo.